IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN  DIVISION

TIMMY E. ADAMS,                           )
                                          )
            Plaintiff,                    )
                                          )
vs.                                       )        CV-00-G-0602-S
                                          )
MARIAH LAWSON, ET AL.,                    )
                                          )
            Defendants.                   )

**ENTERED**

MAY 2 4 2001

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 3, 2001, recommending that

this action filed pursuant to 42 U.S.C. § 1983 be dismissed as frivolous and for failure to state a

claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  The plaintiff filed

objections to the report and recommendation on May 17, 2001.

In his objections, plaintiff requests that the court allow him to amend his complaint to add

as defendants Jimmie Richburg, the disciplinary hearing officer; Dr. Marshall, the prison

psychologist; and Dr. Ron Cavanaugh, the head psychologist for the Alabama Department of

Corrections. Plaintiff's motion is due to be denied. Plaintiff fails to allege how either of these

individuals violated his constitutional rights. Further, the magistrate judge has already correctly

concluded in his Report and Recommendation that plaintiff's claims with regard to the disciplinary

are due to be dismissed as frivolous. As noted in the Report and Recommendation, the United States

Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct.2293, 132 L.Ed.2d

418(1995)  changed the landscape in the analysis of this type of case.  Dealing with a case in which

a prisoner in Hawaii sued prison officials under § 1983 alleging that he had been denied due process

of law before being confined to disciplinary segregation for 30 days. The Court concluded that

segregation as a form of punishment was not a "dramatic departure" from the ordinary conditions

of incarceration. As such, segregation did not amount to a grievous loss of a "substantive" interest

protected by the Due Process Clause. Unlike the loss of good-time credits at issue in *Wolff v.*

*McDonnell*, 418 U.S. 539 (1974), mere disciplinary segregation is the type of punishment an

incarcerated individual should expect, and one that ordinarily is not a major change in his living

conditions. In concluding that placement in disciplinary segregation does not implicate due process,

the Court held:

> We hold, therefore, that neither the Hawaii prison regulation in question, nor the Due
> Process Clause itself, afforded Conner a protected liberty interest that would entitle
> him to the procedural protections set forth in Wolff. The regime to which he was
> subjected as a result of the misconduct hearing was within the range of confinement
> to be normally expected for one serving an indeterminate term of 30 years to life.

*Id.*, at 2302.

As noted, with the Court's decision in *Sandin*, no longer does the prospect of disciplinary

segregation alone mandate the due-process procedures defined in *Wolff*. Placement in a one-man

cell is not dissimilar to other forms of confinement found in the Alabama prison system, including

administrative segregation, protective custody, and the frequent lockdowns of general population

that occur. As such, disciplinary segregation is not a "dramatic departure" from the ordinary

conditions of confinement nor is it a "major disruption in [prisoners'] environment." Thus, under

the authority of *Sandin v. Conner*, prisoners sentenced to disciplinary segregation have no protected

interest requiring the due-process protections outlined in *Wolff v. McDonnell*. Because there is no

right to procedural due process of law before the imposition of disciplinary segregation, neither the

2

lack of due process nor any deficiency in procedure actually used is actionable under the Fourteenth Amendment or § 1983.

The fact that plaintiff was also punished by the prohibition against earning good time does not change the analysis. Unlike *Wolff* where accrued good-time credits were revoked or forfeited, plaintiff in this case was merely precluded from earning good time credit in the future; no accrued credits were taken from him. While good-time credits already earned constitute a liberty interest protected by the Due Process Clause, courts have held repeatedly that prisoners have no protectible expectation of continuing to receive good-time credits in the future. *Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991). Plainly, the Alabama Correctional Incentive Time Act, *Alabama Code* § 14-9-40 et seq., provides for the discretionary award of good time credits, not a right for prisoners to earn good time. The ability to earn future credits can be stopped at any time for any reason. Thus, insofar as plaintiff was prohibited from earning future good time (as distinct from forfeiting CIT credits already earned), no protectible liberty interest was involved and due process was not implicated. As concluded by the magistrate judge in his Report and Recommendation, plaintiff's claims with regard to the disciplinary are due to be dismissed as frivolous. Thus, plaintiff's motion to amend his complaint to add as defendants Jimmie Richburg, Dr. Marshall and Dr. Ron Cavanaugh is due to be and is hereby DENIED.

In his objections, plaintiff further motions that the court allow him to amend his complaint to state the following as additional claims: 1) denial of equal protection, 2) intentional infliction of needless psychological suffering, 3) humiliation, 4) intentional denial of psychological treatment for institutionalized sexual addiction, 5) dehumanization, 6) mental distress, 7) wanton infliction of sexual tension, 8) deliberate indifference, 9) emotional anguish and 10) intentional and wanton

3

infliction of obsessive-compulsive neurosis. Plaintiff's motion is due to be and is hereby DENIED.

Plaintiff has failed to allege any facts to support these claims. Plaintiff's allegations are vague and

conclusory, *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984), and without factual basis, *Watson*

*v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

Further, in his objections, plaintiff argues that "there is more then (sic) enought (sic) disparity

in treatment of prisoner[s] in Alabama prisons, and [that he] has shown such disparity in his

complaint, based on race". Plaintiff's argument fails. The court has carefully reviewed plaintiff's

complaint and his objections to the Report and Recommendation, plaintiff has failed to present any

evidence to support his claim. The court finds that the magistrate judge has correctly concluded that

plaintiff's generalized claim of prejudice, or discrimination, does not state a claim in violation of the

equal protection clause of the Constitution. In *Oyler v. Boles*, 368 U.S. 448, 456 (1962), the United

States Supreme Court indicated that to show a constitutional violation there must be a showing of

selection deliberately "based upon an unjustifiable standard such as race, religion or other arbitrary

classification." As noted in the Report and Recommendation, the mere allegation that inmates found

guilty of violating Rule 38 are required to wear a pink uniform for a proscribed period of time does

not reflect a deliberate action against plaintiff by defendant Haley based upon an unjustifiable factor.

As noted, plaintiff has not alleged that inmates of other races found guilty of violating Rule 38 are

not required to wear a pink uniform. It is clear that the requirement that inmates who are found guilty

of violating Rule 38 wear a pink uniform is based upon conduct not upon race. This claim is due to

be dismissed for failure to state a claim upon which relief may be granted.

The final argument raised by plaintiff in his objections is that he has stated a claim of sexual

misconduct and harassment with respect to defendant Lawson. Plaintiff relies on several cases in

4

support of his argument. However, as correctly concluded by the magistrate judge in his Report and Recommendation, the facts as presented by the plaintiff show that he took it upon himself to expose himself to defendant Lawson. It is clear that defendant Lawson did not in any way initiate any sexual conduct between herself and the plaintiff. It is also clear that defendant Lawson did not force plaintiff to participate in this behavior. Plaintiff and plaintiff alone is responsible for his behavior. Plaintiff has failed to identify any facts which would sustain his allegation that defendant Lawson engaged in any sexual misconduct or sexual harassment of him.

Plaintiff's request for an evidentiary hearing by telephone made in his objections is due to be and is hereby DENIED. Plaintiff's motion for discovery and production made in his objections is also due to be and is hereby DENIED. Plaintiff seeks production of documents which presumably would show that more black inmates received disciplinary reports for Rule 38 violations and were required to wear a pink suit for a proscribed period of time as a result than inmates of other races. However, as noted by the magistrate judge in his Report and Recommendation, plaintiff has not alleged that inmates of other races who are  found guilty of violating Rule 38 are not required to wear a pink uniform. As previously noted, plaintiff has failed to show a deliberate action against him by defendants based upon an unjustifiable standard.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation  and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED.  Accordingly, the complaint is due to be dismissed as frivolous and for failure to state

5

a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  A Final Judgment

will be entered.

DATED this 23rd day of May , 2001.

J. FOY GUIN, JR.
UNITED STATES DISTRICT JUDGE

6

**United States Court of Appeals**
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn
Clerk

In Replying Give Number
Of Case and Names of Parties

# NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

———————————

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that <u>all</u> prisoners pay the Court's $100 docket fee plus $5 filing fee (for a total of $105) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1)   Pay the total $105 fee to the clerk of the district court from which this case arose;
      *or*

(2)   arrange to have a prison official certify to the district court from which the appeal arose the <u>average</u> monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the <u>average</u> monthly deposits or of the <u>average</u> monthly balances shown in your prison account. The remainder of the total $105 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $105 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, BUT THE TOTAL $105 FEE WILL BE ASSESSED AGAINST AND WILL BE DEDUCTED FROM FUTURE DEPOSITS TO YOUR PRISON ACCOUNT.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $105 fee is collected, even if an appeal is unsuccessful.

THOMAS K. KAHN
Clerk

PLRA Notice